UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT JOHNSEN, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 4:14CV594 RLW |
| HONEYWELL INTERNATIONAL INC., ) a Delaware corporation, ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Honeywell International Inc.'s Motion to Dismiss Plaintiff's Class Action Complaint (ECF No. 24). The motion is fully briefed and ready for disposition. Upon consideration of the motion and related memoranda, the Court will grant Defendant's motion to dismiss, in part, and deny the motion, in part.

### I. Background

Plaintiff Scott Johnsen brings this action on behalf of himself and the putative class of individuals and entities who own or have owned Honeywell TrueSTEAM humidifiers, model numbers HM506, HM509, and/or HM512. (Am. Compl. ¶ 1, ECF No. 21) These humidifiers are installed in the home and cost anywhere from $792 to over $1,000, independent of installation costs. (*Id.* at ¶¶ 1, 15) Plaintiff alleges that the humidifiers had been available for purchase since 2008 and that approximately 206,410 TrueSTEAM humidifiers were sold nationwide between 2008 and 2013. (*Id.* at ¶¶ 16-17)

In his Complaint, Plaintiff Johnsen contends that he installed two Honeywell TrueSTEAM humidifiers, Model number HM506, in his home on December 2, 2008. (*Id.* at ¶

61) He claims that both humidifiers failed and required replacement several times within the 5 year warranty timeframe. (*Id.* at ¶¶ 62-69) The warranty provided:

> Honeywell warrants this product to be free from defects in the workmanship or materials, under normal use and service, for a period of five (5) years from the date of purchase by the consumer. If at any time during the warranty period the product is determined to be defective or malfunctions, Honeywell shall repair or replace it (at Honeywell's option).

(*Id.* at ¶ 30) Additionally, the warranty states:

> HONEYWELL SHALL NOT BE LIABLE FOR ANY LOSS OR DAMAGE OF ANY KIND, INCLUDING ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES RESULTING, DIRECTLY OR INDIRECTLY, FROM ANY BREACH OF ANY WARRANTY, EXPRESS OR IMPLIED, OR ANY OTHER FAILURE OF THIS PRODUCT. Some states do not allow the exclusion of limitation of incidental or consequential damages, so this limitation may not apply to you.

(*Id.* at ¶ 38)

According to Johnsen, despite Honeywell's representation that the TrueSTEAM humidifiers are of superior quality, the humidifiers "are plagued by design flaws." (*Id.* at ¶¶ 18-22) Specifically, the inside of the units is disposed to developing mineral deposits after a short period of time. (*Id.* at ¶ 23) This "scaling" can cause overheating, blockages, and component cracks and can also prevent the units from properly draining, causing scalding hot water to overflow. (*Id.* at 24) Plaintiff further alleges that the humidifier design results in steam being blown into the HVAC duct system, resulting in condensation which could lead to mold and fungus growth, as well as damage to surrounding appliances and property. (*Id.* at ¶¶ 25, 28)

Plaintiff contends that Defendant's warranty is futile in that it does not provide the services set forth in the warranty and maintains an overly burdensome warranty claims process. (*Id.* at ¶¶ 33-36) Further, he alleges that Defendant routinely denies the remedy of repair or

2

replacement and declines to reimburse customers for damage caused by the defective unit. (*Id.* at ¶ 37) Additionally, Plaintiff Johnsen maintains that the replacement remedy is futile because Defendant installs the same defective Honeywell humidifiers. (*Id.* at ¶ 40)

Specific to Plaintiff Johnsen, he claims that despite repeated failures of his Honeywell TrueSTEAM humidifiers, Defendant refused to refund Plaintiff's money or pay installation charges for the replacement humidifiers. (*Id.* at ¶ 68) He further asserts that the internet is replete with postings by customers, describing their bad experiences with the humidifiers. (*Id.* at ¶ 73) In the Amended Class Action Complaint, Plaintiff alleges on behalf of all Classes a claim for Breach of Express Warranty (Count 1), Negligence (Count 5), Negligent Misrepresentation (Count 6), Unjust Enrichment (Count 8), and for Injunctive and Declaratory Relief (Count 9). On behalf of the Missouri Class, Plaintiff claims Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose (Count 2), Failure of Essential Purpose (Count 3), Strict Products Liability (Count 4) and Violation of the Missouri Merchandising Practices Act (Count 7). Plaintiff requests actual, compensatory, exemplary, and statutory damages; restitution; injunctive and declaratory relief; punitive damages; and attorney's fees and costs.

On May 19, 2014, Defendant filed a Motion to Dismiss Plaintiff's Class Action Complaint, arguing that Defendant Honeywell fulfilled its obligations under the warranty and that the warranty expressly disclaims recovery of incidental or consequential damages. Defendant also maintains that the Court should dismiss Plaintiff's negligence and strict products liability claims because Plaintiff has failed to identify a defect in his humidifier. Finally, Honeywell asserts that Plaintiff has failed to allege any misrepresentation or deception sufficient to state a claim for either negligent misrepresentation or violation of the Missouri Merchandising

Practices Act. Plaintiff, on the other hand, argues that he has stated sufficient facts to set forth a plausible claim under Fed. R. Civ. P. 12(b)(6) such that the Court should deny Defendant's motion.

## II. Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v.*

4

*Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### III. Discussion

### A. Breach of Express Warranty

Defendant Honeywell first argues that this Court must dismiss Plaintiff's claim that Defendant breached the express warranty. Under Missouri law:

> The elements for a breach of express warranty claim are: (1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact about the kind or quality of those goods: (3) the statement was a fact that was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely manner.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010) (citation omitted). Defendant claims that Plaintiff's complaint fails to state a claim for breach of express warranty because he does not allege that Honeywell breached its agreement of "repair or replace" the humidifier. Plaintiff, on the other hand, asserts that he has properly stated a claim for breach of express warranty. The Court finds that dismissal of Plaintiff's breach of express warranty claim is not merited.

Plaintiff references the warranty provided by Defendant Honeywell to argue that Defendant breached an express warranty for future performance and a warranty to repair or replace the unit. The Court may rely on the warranty language in addressing the motion to dismiss. "Documents that are necessarily embraced by the pleadings are not 'matters outside the

pleadings' for purposes of Rule 12(d)." *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 876 (E.D. Mo. 2013). "A court need not convert a Rule 12(b)(6) motion to dismiss into on[e] for summary judgment under Rule 12(d) if the matters presented are incorporated by reference, are integral to the claim, or are exhibits whose authenticity is unquestioned." *Id.* (citations omitted). In this case, the warranty is integral to Plaintiff's claims and is therefore necessarily embraced by the pleadings. *See Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (holding that the Agreement upon which plaintiff's breach of contract claim rested was embraced by the amended complaint, and the lower court's reliance on the Agreement did not convert the motion to dismiss to a motion for summary judgment).

At the outset, the undersigned notes that "[n]amed plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *White v. Volkswagen Grp. of Am.*, No. , 2013 WL 685298, at *2 (W.D. Ark. Feb. 25, 2013) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). Here, Plaintiff alleges that he installed two Honeywell humidifiers in his home on December 2, 2008. He claims that he purchased the units based on representations by Honeywell regarding the quality and on the advertised warranty. (Am. Compl. ¶ 61, ECF No. 21) Plaintiff contends that one humidifier failed in February 2009, requiring replacement on March 12, 2009 and again on January 15, 2010. (*Id.* at ¶¶ 63-64) The other unit required replacement in March 2010 and again in March 2011. (*Id.* at ¶¶ 65-66) When that unit failed a third time in December 2012, Plaintiff requested a refund, but Defendant Honeywell sent a replacement humidifier and would not pay for installation. (*Id.* at ¶¶ 67-68) According to Plaintiff, the newly replaced unit failed in December 2013. (*Id.* at ¶ 69) Although Plaintiff contacted Honeywell and requested a replacement part,

6

Defendant failed to provide further service. (*Id.* at ¶ 70) Plaintiff alleges that the express warranty guaranteed that the humidifiers were free of defects for a period of five years from the date of purchase and that the warranty was a material factor that specifically induced Plaintiff to purchase Honeywell humidifiers. (*Id.* at ¶¶ 89-90) Plaintiff avers that Defendant breached its express warranty because the humidifiers were not free from defects, thus preventing the units from performing as warranted. (*Id.* at ¶ 91) Further, Plaintiff claims that the warranties fail of their essential purpose because they do not function properly for the applicable warranty period, and repair or replacement cannot cure these defects. (*Id.* at ¶ 92)

Defendant Honeywell argues that Plaintiff fails to state a claim for breach of express warranty because he fails to properly allege that the goods did not conform to the language contained in the warranty and that he fails to allege that Defendant refused to repair or replace the humidifiers. However, Plaintiff's Amended Complaint does allege that Defendant Honeywell failed to replace or repair Plaintiff Johnsen's newly replaced unit when it failed in December of 2013. (Am. Compl. ¶ 69) While Defendant questions whether this date was within the 5 year warranty period, the Court finds Plaintiff's allegation is sufficient to raise a reasonable expectation that discovery will reveal evidence of the claim. *Twombly*, 550 U.S. at 556.

Further, Plaintiff alleges that the humidifiers were defective and did not conform to the guarantee that they would be free of defects for the 5 year warranty period. In a nearly identical case filed against Defendant Honeywell, the U.S. District Court for the District of Massachusetts in *Leach v. Honeywell Int'l Inc.* interpreted the Limited Warranty as stating that "the Humidifier would be free from defect for five years and that Honeywell will repair or replace the Humidifier if defective within the five years." (Pl.'s Supp. Authority, Ex. A p. 7, *Leach v. Honeywell Int'l Inc.*, Civ. Action No. 1:14-12245-LTS, ECF No. 39-1) The *Leach* court found the plaintiff

7

stated a claim for breach of express warranty under alternate theories of failure to abide by the repair and replacement provision, as well as the alleged warranty language. (*Id.* at p. 8)

This Court similarly finds that Plaintiff has stated a claim for breach of express warranty sufficient to withstand a motion to dismiss. In addition to claiming that Defendant Honeywell did not abide by the repair/replace provision in the warranty, Plaintiff also alleges that, contrary to the express warranty, the product was not free from defects under normal use for a period of five years. While Defendant argues that the warranty is not as narrow as Plaintiff contends, the Court finds the allegation sufficiently nudges Plaintiff's breach of express warranty claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Humphrey v. Electrolux Home Products Inc.*, No. 4:12-CV-157-DPM, 2012 WL 3257664, at *2 (E.D. Ark. Aug. 9, 2012) (finding facts sufficient to survive a motion to dismiss where plaintiff plausibly pleaded that the manufacturer guaranteed the item would be fee of material defects; the warranty was part of the bargain; and the item had a material defect).

As for future performance, Plaintiff claims that the 5 year warranty period began each time the units failed and required replacement with a new unit. "Under Missouri law, a warranty that a product is free from defect in quality or workmanship is a warranty for future performance of the product." *Ouellette Mach. Sys., Inc. v. Clinton Lindberg Cadillac Co.*, 60 S.W.3d 618, 621 (Mo. Ct. App. 2001). At this point in the proceedings, the Court finds that Plaintiff has sufficiently stated a plausible claim for breach of express warranty, including warranty for future performance, such that Honeywell's Motion to Dismiss Plaintiff's claim for Breach of Express Warranty will be denied.

## B. Implied Warranties of Merchantability and Fitness for a Particular Purpose

Defendant also argues that the express warranty bars Plaintiff's claims for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. To recover under the theory of implied warranties of merchantability under Missouri law, "a plaintiff must prove (1) that a merchant sold goods, (2) which were not 'merchantable' at the time of the sale, (3) injury and damages to the plaintiff or his property (4) which were caused proximately or in fact by the defective nature of the goods, and (5) notice to the seller of the injury." *Ragland Mills, Inc. v. General Motors, Corp.*, 763 S.W.2d 357, 360 (Mo. Ct. App. 1989). Implied warranties can be excluded but, under Missouri statute, must mention merchantability. Mo. Rev. Stat. § 400.2-316(2). The express warranty in this case states:

> THIS WARRANTY IS THE ONLY EXPRESS WARRANTY HONEYWELL MAKES ON THIS PRODUCT, THE DURATION OF ANY IMPLIED WARRANTIES, INCLUDING THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, IS HEREBY LIMITED TO THE FIVE-YEAR DURATION OF THIS WARRANTY.

(Def.'s Mot. to Dismiss, Ex. A, ECF No. 25-1)

Defendant argues that Plaintiff's allegation that the humidifier "failed" is too vague to state a claim for relief under a breach of implied warranty of theory. Specifically, Defendant asserts that the allegations that the humidifier is of a lower quality than expected are insufficient to withstand the motion to dismiss.

An implied warranty of merchantability "warrants that goods must be at least 'fit for the ordinary purposes for which such goods are used.'" *Hope v. Nissan North Am., Inc.*, 353 S.W.3d 68, 89-90 (Mo. Ct. App. 2011) (quoting Mo. Rev. Stat. § 400.2-314(2)(c)). This warranty "does not mean a promise by the merchant that the goods are exactly as the buyer expected, but rather that the goods *satisfy a minimum level of quality*." *Id.* (citation omitted). Viewing the facts in

9

favor of the Plaintiff, he purchased humidifiers that continued to exhibit the same alleged defects, requiring several replacements, and ultimately resulting in Defendant's refusal to replace or repair the most recent unit. Unlike the putative class in *Hope,* the individual plaintiff here has alleged an actual manifestation of the defect of scaling and mineral buildup in his original and replaced units. *Id.* at 90. Further, Defendant's own express warranty acknowledges that implied warranties exist for the 5 year duration of the warranty. Therefore, based on the allegations in the Amended Complaint and the Missouri case law, the Court finds that Plaintiff has sufficiently stated a plausible claim to survive Defendant's motion to dismiss. *See Leach v. Honeywell Int'l Inc.*, Civ. Action No. 1:14-12245-LTS, at p. 11, ECF No. 39-1 (finding plaintiff "alleged sufficient facts supporting a claim that the Humidifier did not meet reasonable consumer expectations because it is plausible a reasonable consumer would expect the Humidifier not to leak, not to scale, and to function as promised.").

With regard to Plaintiff's claim of breach of warranty for a particular purpose, however, the Court finds that Plaintiff fails to state a claim. Under Missouri law, a claim for breach of the implied warranty of fitness for a particular purpose exists "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods there is . . . an implied warranty that the goods shall be fit for such purpose." Mo. Rev. Stat. § 400.2-315. "Comment 2 to section 400.2-315 explains that a 'particular purpose differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business.'" *Howard Constr. Co. v. Bentley Trucking, Inc.*, 186 S.W.3d 837, 842 (Mo. Ct. App. 2006) (quoting Mo. Rev. Stat. § 400.2-315) (internal quotations omitted). Thus, a plaintiff must demonstrate that he intended to use the product for something

other than its ordinary purpose. *Id.* at 843; *see also Doe v. Miles, Inc.*, No. ED75100, 2000 WL 667383, at * 7 (Mo. Ct. App. May 23, 2000) ("a breach of the implied warranty of fitness for a particular purpose may not be established without substantial evidence that the article or product was bought for a purpose that was special or 'particular' to the buyer and distinct from the article's or product's ordinary purpose.").

Here, Plaintiff Johnsen fails to allege that he intended to use the humidifiers for a particular purpose different from the humidifiers' ordinary purpose. Indeed, in his response to the motion to dismiss, Plaintiff does not address Defendant's argument that the complaint fails to allege facts demonstrating that Plaintiff purchased the humidifiers for any purpose other than to humidify his home. Therefore, the Court will dismiss Plaintiff's claim for breach of implied warranty of fitness for a particular purpose.

### C. Failure of Essential Purpose

Plaintiff next claims that the limited remedies failed of their essential purpose pursuant to Mo. Rev. Stat. § 400.2-719(2), which provides that "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this chapter." Plaintiff maintains that the limitation on the duration of the warranties was unconscionable because the humidifiers were defective at the time Plaintiff acquired them. Defendant argues that the Court should dismiss this claim because Honeywell repaired or replaced the allegedly defective units as provided in the warranty. The Court finds that Plaintiff has stated a plausible claim such that dismissal is not warranted at this time.

Plaintiff claims that Defendant refused to replace or repair the new replacement unit installed in December 2012. (Am. Compl. ¶¶ 67-70) Plaintiff also contends that the limited warranty fails of its essential purpose because Honeywell continued to replace the defective

11

humidifiers with other defective humidifiers. (*Id.* at ¶¶ 40, 112) "[A] limited and exclusive warranty to repair or replace 'fails of its purpose and is thus avoided under § 400.2-719(2) wherever the warranty fails to correct the defect within a reasonable period, . . . .'" *R.W. Murray Co. v. Shatterproof Glass Corp.*, 758 F.2d 266, 272 (8th Cir. 1985) (quoting *Givan v. Mack Truck, Inc.*, 569 S.W.2d 243, 247 (Mo. Ct. App. 1978)); *see also Midwest Printing, Inc. v. AM Int'l, Inc.*, 108 F.3d 168, 171-72 (8th Cir. 1997) ("If Mid-West had accepted AM's offer to replace the Eagle press, and the replacement press had the same deficiencies that Mid-West complains of in the original press, this position [that the remedies in the sales agreement failed of their essential purposes] would have some validity."). Thus, the Court will deny Defendant Honeywell's motion to dismiss Plaintiff's claim for failure of essential purpose.

### D. Plaintiff's Tort Claims

With regard to Plaintiff's tort claims of strict products liability and negligence, Defendant maintains that these claims are barred by the economic loss doctrine. The Court agrees. "It is the law in Missouri . . . that recovery in tort for purely economic damage is limited to those cases where there is personal injury, damage to property, other than that sold, or destruction of the property sold due to some violent occurrence." *Wilbur Waggoner Equip. and Excavating Co. v. Clark Equip. Co.*, 668 S.W.2d 601, 603 (Mo. Ct. App. 1984). The United States Supreme Court has aptly stated, "[g]iven the availability of warranties, the courts should not ask tort law to perform a job that contract law might perform better." *Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 880 (1997). While Plaintiff argues that the economic loss doctrine applies solely to commercial contracting parties and not to consumers, Missouri courts have not explicitly issued such a narrow holding. Indeed, the Missouri Supreme Court held that an individual purchaser of a crane could not recover on a theory of strict liability where the only

12

damage was to the product sold. *Sharp Bros. Contracting Co. v. American Hoist & Derrick Co.*, 703 S.W.2d 901, 903 (Mo. 1986); *see also Pollard v. Remington Arms Co., LLC*, No. 13-0086-CV-W-ODS, 2013 WL 3039797, at *3 (W.D. Mo. June 17, 2013) (holding that the economic-loss doctrine barred plaintiff from recovering under the theories of strict liability and negligence where plaintiff sought damages based on an alleged design defect in a rifle he purchased, including the cost of repair or replacement). Here, the only damages Plaintiff alleges are his humidifiers' failures due to alleged defects and the costs he incurred as a result of those alleged defects. Plaintiff alleges no personal injury or damages to any property other than the humidifier units.

However, Plaintiff contends that his tort claims arise from common law and not from the contract. This argument is of no avail where, as here, Plaintiff has not alleged personal injury or damage to other property, and the only damage is to the product sold. *Pollard*, 2013 WL 3039797, at *2-3; *see also OneBeacon Ins. Co. v. Deere & Co.*, 778 F. Supp. 2d 1005, 1007 (E.D. Mo. 2011) (noting that Missouri's economic loss doctrine bars recovery under the theories of strict liability or negligence where the only damage is to the product sold) (citation and internal quotation omitted). In such cases, the available remedy "is limited to contract or warranty claims." *OneBeacon*, 778 F. Supp. 2d at 1007. In fact, Plaintiff's negligence claim relies upon Defendant's alleged breach of warranty in selling a defective product. (Am. Compl. ¶ 125)

Further, Plaintiff's allegations of possible future damages to the putative class are insufficient to state a claim for strict liability or negligence. In *Pollard*, the plaintiff sought to certify a class of individuals in Missouri that own(ed) the rifle at issue. However, in addressing the motion to dismiss, the court looked only to the allegations of the named plaintiff, not the

putative class members. 2013 WL 3039797, at *2-3. Here, the damages Plaintiff alleges merely stem from the failure of the humidifiers to properly function, requiring Plaintiff to expend money to pay for the repair or installation of a new humidifier. (Am. Compl. ¶¶ 63-72, 120, 125) While Plaintiff argues that the humidifiers are unreasonably dangerous and could pose a risk of future damage to persons or other property, the Court notes that the cases Plaintiff relies upon are inapposite, as they pertain solely to tort actions and do not involve breach of warranty or contract claims brought by purchasers of a product. *See, e.g., Sappington v. Skyjack, Inc.*, 512 F.3d 440 (8th Cir. 2008) (strict liability suit brought by survivors of a construction worker who was killed when a scissors lift tipped over); *Adams v. Fuqua Indus., Inc.*, 820 F.2d 271 (8th Cir. 1987) (products liability action brought against lawn mower manufacturer for injuries sustained when riding mower ran over plaintiff's foot); *Sch. Dist. of City of Independence, Mo., No. 30 v. U.S. Gypsum Co.*, 750 S.W.2d 442 (Mo. Ct. App. 1988) (strict products liability claim to recover from injury to property arising out of the use of an asbestos-containing material). Thus, the Court finds that Plaintiff is unable to state a claim for strict liability or negligence, and dismissal of those claims is warranted.

With regard to Plaintiff's negligent misrepresentation claim, the Court finds that this claim is also barred by the economic-loss doctrine. Although the cases applying the economic-loss doctrine to negligent misrepresentation claims pertain to commercial transactions, the undersigned is satisfied that Missouri courts and the Eighth Circuit Court of Appeals would apply the doctrine to consumer transactions. In *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902 (2013), the plaintiff, a commercial painting contractor, asserted a claim for negligent misrepresentation based upon the defendant's recommendation of paint products, not the defect in the product, thus attempting to avoid the parties' agreed allocation of risk. *Id.* at

14

906-07. The Eighth Circuit acknowledged that "Missouri state courts have not specifically addressed whether a commercial buyer may recover for disappointed commercial expectations based on a theory of negligent misrepresentation." *Id.* at 907. However, based upon Missouri courts' persistent application of the economic loss doctrine, the *Dannix* court concluded that the reasoning applied in tort cases applied to a negligent misrepresentation claim. *Id.* at 907-08. The court noted that Dannix sought damages for losses sustained when the recommended product proved unsuitable and found that that type of tort claim was precisely what the economic loss doctrine prohibited. *Id.* at 908.

Recently, the Eighth Circuit reiterated the *Dannix* holding, noting that "the *Dannix* court predicted that the Supreme Court of Missouri, if confronted with the issue, would hold that the economic loss doctrine bars negligent misrepresentation claims." *Bruce Martin Const., Inc. v. CTB, Inc.*, 735 F.3d 750, 752 (8th Cir. 2013). The *Bruce Martin* court found that if the plaintiff wanted to recover for the defective silo sweeps, it must recover under the warranties set forth in the contract. *Id.* Subsequent cases have followed this reasoning. *See Graham Const. Servs., Inc. v. Hammer & Steel Inc.*, 755 F.3d 611, 616-17 (8th Cir. 2014) (holding that the economic loss doctrine barred recovery on contractor's negligent misrepresentation claim); *Simply Thick, LLC v. Thermo Pac, LLC*, No. 4:13-CV-1036 CAS, 2014 WL 3543403, at *7 (E.D. Mo. July 17, 2014) (dismissing plaintiff manufacturer's negligent misrepresentation claim as barred by the economic loss doctrine). While the undersigned acknowledges that both *Dannix* and *Bruce Martin* pertained to disappointed commercial claimants alleging negligent misrepresentation, the Court finds that the reasoning should apply here as well, where Plaintiff has a remedy under a breach of warranty theory. *See Pollard*, 2013 WL 3039797, at *4 (dismissing plaintiff's claim that defendants fraudulently misrepresented that the purchased rifle was fit for the purpose and

15

free from defects because that theory gave rise to a warranty, not fraudulent misrepresentation, claim). Thus, the Court will grant Defendant's motion to dismiss Plaintiff's claims for strict products liability, negligence, and negligent misrepresentation.

### E. Missouri Merchandising Practices Act

Next, Defendant argues that Plaintiff's claim under the Missouri Merchandising Practices Act ("MMPA") must be dismissed because Plaintiff fails to allege an actionable deceptive practice. "The MMPA is a broad statute, prohibiting '[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . .'" *Blake v. Career Educ. Corp.*, No. 4:08CV00821 ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) (quoting Mo. Rev. Stat. § 407.020.1) In MMPA actions, courts apply the particularity requirements of Fed. R. Civ. P. 9(b) pertaining to fraud. *Id.* (citations omitted). Under this heightened pleading requirement, "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Mattingly v. Medtronic, Inc.* 466 F. Supp. 2d 1170, 1174 (E.D. Mo. 2006) (citations omitted).

With regard to the MMPA specifically, "a plaintiff must first show that he or she purchased the merchandise in question; second, that he or she purchased the merchandise for personal, family, or household use; third, that he or she suffered an ascertainable loss; and fourth, the ascertainable loss was the result of an unfair practice." *Polk v. KV Pharm. Co.*, No. 4:09-CV-00588 SNLJ, 2011 WL 6257466, at *4 (E.D. Mo. Dec. 15, 2011) (citing Mo. Rev. Stat. § 407.025(1)). Plaintiff argues that he purchased Honeywell humidifiers for household use,

16

suffered a monetary loss when the units failed, and the loss was a result of Defendant's unfair practice of omitting the material fact that the humidifiers were defective and falsely claiming that they were free from defect in the warranty. Plaintiff points to scaling and mineral buildup, as well as the need to replace the units prior to the expiration of the 5 year warranty period. (Am. Compl. ¶¶ 23, 140-41)

The undersigned finds that Plaintiff may be able to maintain an action against Defendant under the MMPA based upon the allegedly defective nature of the Humidifiers and the alleged false claims and omissions in the warranty. *See, e.g., Stephens v. Arctic Cat Inc.*, No. 4:09CV02131 AGF, 2012 WL 628867, at *1-*3 (E.D. Mo. Feb. 27, 2012) (denying defendant's motion to dismiss plaintiff's MMPA claim that alleged numerous malfunctions with a purchased ATV that required repairs, as well as failure of the warranty); *Schuchmann v. Air Servs. Heating & Air Conditioning*, 199 S.W.3d 228, 233 (Mo. Ct. App. 2006) (finding a plaintiff could maintain an MMPA claim against an air conditioner seller where that seller refused to honor a lifetime warranty, thus constituting an unfair practice). However, in the instant case, Plaintiff has failed to state his MMPA claim consistent with the heightened pleading standard required by Rule 9(b). Missing from Plaintiff's claim are allegations of where he purchased the Honeywell humidifiers at issue, as well as from whom he made the purchase. The pleadings are also scant on details surrounding Honeywell's alleged refusal to provide further service on the replacement unit that failed in December 2013. While specific names of employees are not required, the Plaintiff must identify the "who, what, where, when, and how" of the alleged fraud "to allow Defendant to prepare a defense to the MMPA charges." *Claston v. Kum & Go, L.C.* No. 6:14-cv-03385, 2014 WL 6685816, at *7 (W.D. Mo. Nov. 26, 2014) (citations and internal quotations omitted); *see also Scanio v. Zale Delaware, Inc.*, No. 4:12CV37 CDP, 2012 WL 368741, at *3

17

(E.D. Mo. Feb. 3, 2012) (finding that "[i]ncluding the time, place, contents, and amount, even without the names of the specific individuals responsible for the fraud, can be sufficient to satisfy the requirements of Rule 9(b)" where specific names of employees can be obtained through discovery).

However, instead of dismissing the claim, the Court will construe Defendant's motion to dismiss the MMPA count as one for a motion for more definite statement and allow Plaintiff time to amend Count 7 of the Amended Complaint. *See Pfitzer v. Smith & Wesson Corp.*, No. 4:13-CV-676-JAR, 2014 WL 636381, at *3-*4 (E.D. Mo. Feb. 18, 2014) (construing the motions to dismiss claims under the MMPA as motions for more definite statement and granting plaintiff time to file an amended complaint to bring MMPA claims into conformity with Rule 9(b) heightened pleading requirements). As such, the undersigned denies Defendant's motion to dismiss Count 7 and will give Plaintiff twenty (20) days to file an amended complaint with an MMPA claim that conforms to Rule 9(b).

### F. Unjust Enrichment

Defendant also argues that Plaintiff's unjust enrichment claim must be dismissed because Plaintiff entered into an express contract for the same subject matter for which he seeks recovery. The undersigned finds that dismissal of the claim for unjust enrichment is not warranted.

Missouri law does not allow recovery under both an express contract and equitable theories of relief. *Level 3 Commc'ns, LLC v. Illinois Bell Tel.Co.*, No. 4:14-CV-1080 (CEJ), 2014 WL 414908, at *6 (E.D. Mo. Feb. 4, 2014) (citation omitted). However, a plaintiff may plead alternative claims for relief in the complaint. *Id.*; *see also Superior Edge,* No. 12-2672 (JRT/FLN), 2014 WL 4414764, at *6 (D. Minn. Sept. 8, 2014) (citations omitted) ("In reliance upon the Rule 8, federal courts in Missouri have

consistently denied motions to dismiss quasi-contract claims even where the pleading also alleges the existence of an express contract."). Thus, the Court will allow Plaintiff's alternate claim for unjust enrichment and deny Defendant's motion to dismiss with respect to the unjust enrichment count.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Honeywell International Inc.'s Motion to Dismiss Plaintiff's Class Action Complaint [ECF No.24] is **GRANTED** as to Counts 2 (Breach of Warranty for a Particular Purpose), 4, 5, and 6 of Plaintiff's Amended Complaint and **DENIED** as to Counts 1, 2 (Breach of Implied Warranty of Merchantability), 3, and 8.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count 7, construed as a Motion for More Definite Statement is **GRANTED.**

**IT IS FINALLY ORDERED** that Plaintiff shall have twenty (20) days from the date of this Memorandum and Order to amend his Complaint in accordance with the foregoing.

Dated this 12th day of February, 2015.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**