UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SCOTT JOHNSEN, individually and on behalf )
of others similarly situated, )
)
Plaintiffs, )
)
v. ) No. 4:14CV594 RLW
)
HONEYWELL INTERNATIONAL INC., )
a Delaware corporation, )
)
Defendant. )

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Honeywell International Inc.'s Motion to Dismiss Count 7 of Plaintiff's Second Amended Class Action Complaint (ECF No. 49). The motion is fully briefed and ready for disposition. Upon consideration of the motion and related memoranda, the Court will grant Defendant's motion to dismiss in part and deny in part.

## I. Background

The background of this case is fully set forth in this Court's Memorandum and Order of February 12, 2015 and is incorporated herein. (ECF No. 40) In that Order, the Court construed Defendant's Motion to Dismiss Count 7 as a Motion for More Definite Statement and ordered Plaintiff to amend his complaint with regard to his claim under the Missouri Merchandising Practices Act ("MMPA"). In Count 7 of the Second Amended Class Action Complaint, Plaintiff alleges a violation of the MMPA, Mo. Rev. Stat. §§ 407.020, *et seq.*, on behalf of himself and the Missouri class. Plaintiff claims that he purchased two Honeywell Humidifiers which had a defect in workmanship and material necessitating repeated repair and replacement. (Second Am. Compl. ("SAC") ¶¶ 139-40, ECF No. 43) Plaintiff contends that Defendant made false

promises, misrepresentations, and omissions of material facts regarding the advertisement and sale of the Honeywell Humidifiers, causing Plaintiff and members of the Missouri Class to suffer damages and losses. (*Id.* at ¶¶ 141-47)

Specifically, Plaintiff alleges that he chose the Honeywell TrueSTEAM Humidifiers, Model number HM506, based on Defendant's representations as to the quality and the warranty, which created the expectation that the humidifiers would last for at least 5 years. (*Id.* at ¶¶ 62-63) However, the units failed, and Defendant first replaced the units without paying for installation and then offered to send a contractor to service the units. (*Id.* at ¶¶ 64-71) Plaintiff spoke with a Honeywell representative in an attempt to obtain further support, but the individual never followed up as promised. (*Id.* at ¶ 71) Plaintiff alleges that Defendant affirmatively made a false warranty representation that its humidifiers were free from defects in workmanship or materials for 5 years from the date of purchase in violation of the MMPA. (*Id.* at ¶ 144) In addition, Plaintiff contends that Defendant concealed from purchasers that the humidifiers were defective. (*Id.* at ¶ 145) Plaintiff claims that he and the Missouri Class members have suffered and continue to suffer damages and losses as a direct and proximate result of Defendant's false representations. (*Id.* at ¶ 146) In response, Defendant filed a Motion to Dismiss Count 7, arguing that Plaintiff has failed to sufficiently plead a consumer fraud claim under the MMPA. (ECF No. 49)

## II. Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46

2

(1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## III. Discussion

Defendant argues that Plaintiff's claim under the MMPA must be dismissed because Plaintiff fails to plead an actionable deceptive practice with particularity. Specifically, Defendant contends that the mere allegation of a breach of warranty is insufficient as a matter of law to state a claim of consumer fraud under the MMPA. In addition, Defendant asserts that Plaintiff fails to plead an omission-based MMPA claim because he fails to allege specific information withheld from him, fails to allege the requisite scienter, and fails to allege that Defendant owed him a duty to disclose additional information. In response, Plaintiff asserts that he has sufficiently alleged an MMPA claim based on Defendant's misrepresentations and omissions.

"The MMPA is a broad statute, prohibiting '[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . .'" *Blake v. Career Educ. Corp.,* No. 4:08CV00821 ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) (quoting Mo. Rev. Stat. § 407.020.1) In MMPA actions, courts apply the particularity requirements of Fed. R. Civ. P. 9(b) pertaining to fraud. *Id.* (citations omitted). Under this heightened pleading requirement, "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Mattingly v. Medtronic, Inc.* 466 F. Supp. 2d 1170, 1174 (E.D. Mo. 2006) (citations omitted).

With regard to the MMPA specifically, "a plaintiff must first show that he or she purchased the merchandise in question; second, that he or she purchased the merchandise for

4

personal, family, or household use; third, that he or she suffered an ascertainable loss; and fourth, the ascertainable loss was the result of an unfair practice." *Polk v. KV Pharm. Co.*, No. 4:09-CV-00588 SNLJ, 2011 WL 6257466, at *4 (E.D. Mo. Dec. 15, 2011) (citing Mo. Rev. Stat. § 407.025(1)). Plaintiff asserts that he was induced to purchase two humidifiers for household use based on Defendant's representations regarding quality and the advertised five-year warranty. He further states that the warranty response failed to resolve the problem because Defendant simply replaced the defective units with the same defective model and then failed to respond to subsequent warranty requests. Plaintiff contends he suffered a monetary loss when the units failed, and the loss was a result of Defendant's unfair practice of omitting the material fact that the humidifiers were defective and falsely claiming that they were free from defect in the warranty.

The undersigned finds that, at the motion to dismiss stage, Plaintiff has stated a plausible claim under the MMPA based upon the alleged false claims and misrepresentations made by Defendant regarding the humidifiers. As stated in this Court's prior order, to satisfy the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) in an MMPA claim, Plaintiff must identify the "who, what, where, when, and how" of the alleged fraud "to allow Defendant to prepare a defense to the MMPA charges." *Claston v. Kum & Go, L.C.* No. 6:14-cv-03385, 2014 WL 6685816, at *7 (W.D. Mo. Nov. 26, 2014) (citations and internal quotations omitted); *see also Scanio v. Zale Delaware, Inc.,* No. 4:12CV37 CDP, 2012 WL 368741, at *3 (E.D. Mo. Feb. 3, 2012) (finding that "[i]ncluding the time, place, contents, and amount, even without the names of the specific individuals responsible for the fraud, can be sufficient to satisfy the requirements of Rule 9(b)" where specific names of employees can be obtained through discovery).

Here, Plaintiff indicates that he purchased the two humidifiers around November 2008 for household use from Bill Survant of Survant Air Systems. (SAC ¶¶ 61, 139, 141c) Additionally, he provides details regarding Defendant's alleged refusal to provide further service after four humidifier replacements, including a conversation with a Honeywell representative. (*Id.* at ¶¶ 64-71, 141a-b, d-e)

The Court finds that Plaintiff has presented sufficient facts to allow the Defendant to prepare a defense to the misrepresentation claim under the MMPA set forth in Count 7 of the Second Amended Complaint. Plaintiff alleges the date of purchase, the dates of replacement, the dates of contact, and statements from a Honeywell representative regarding the failure of the humidifiers and the failure to provide further service. *See, e.g., Stephens v. Arctic Cat Inc.*, No. 4:09CV02131 AGF, 2012 WL 628867, at *1-*3 (E.D. Mo. Feb. 27, 2012) (denying defendant's motion to dismiss plaintiff's MMPA claim that alleged numerous malfunctions with a purchased ATV that required repairs, as well as failure of the warranty); *Schuchmann v. Air Servs. Heating & Air Conditioning*, 199 S.W.3d 228, 233 (Mo. Ct. App. 2006) (finding a plaintiff could maintain an MMPA claim against an air conditioner seller where that seller refused to honor a lifetime warranty, thus constituting an unfair practice).

However, the Court finds that Plaintiff has failed to state a plausible claim for omission under the MMPA because he has not alleged that Defendant possessed the requisite state of mind. For claims of omission of a material fact under the MMPA, "a greater showing of bad faith or recklessness is required than for the claims based on alleged affirmative representations." *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 84 (Mo. Ct. App. 2011). "'[O]mission of a material fact under the MMPA does have a scienter requirement; it is a failure to disclose material facts that are '*known to him/her*, or upon reasonable inquiry *would be known to him/her*.'" *Id.*

(quoting *Plubell v. Merck & Co.*, 289 S.W.3d 707, 713 n.4 (Mo. Ct. App. 2009) (citation omitted)). Under this standard, Plaintiff is required to show Defendant was aware of the alleged defect in the humidifier; when Defendant became aware; and that Defendant purposefully omitted this fact in its representations to the class members. *Id.*

In the instant case, Plaintiff has failed to demonstrate when Defendant became aware of the alleged defect and purposeful omission of the allege defect in its representations to the putative class. Plaintiff merely states in the Second Amended Complaint that Defendant knew, or reasonably should have known, that the humidifiers had not been adequately tested and would thus prematurely fail and that Defendant concealed and failed to disclose such alleged defects to the class members. (SAC ¶¶ 44-46, 53-54) This allegation is conclusory and fails to meet the particularity requirements of Rule 9(b) and the scienter requirements of an omission claim under the MMPA. *See Pfitzer v. Smith & Wesson Corp.*, No. 4:13-CV-676-JAR, 2014 WL 636381, at *3 (E.D. Mo. Feb. 18, 2014) (finding that broad and nonspecific allegations that defendants concealed and omitted material facts about alleged gun and ammunition defects failed to state a claim under the MMPA). Further, Plaintiff's allegations amount to a failure to notify consumers of consumer complaints. "[T]he fact that Defendant did not notify the Plaintiff that some [Honeywell Humidifier] purchasers reported a defect in their product does not amount to an omission of material fact in connection with the sale or advertisement of the [Honeywell Humidifier] and therefore cannot form the basis for an MMPA claim for 'fraud by omission.'" *Wright v. Bath & Body Works Direct, Inc.*, No. 12-00099-CV-W-DW, 2012 WL 12088132, at *3 (W.D. Mo. Oct. 17, 2012)). Thus, Plaintiff's claim for MMPA omission claim fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count 7 of Plaintiff's Second Amended Class Action Complaint is **DENIED** with regard to Plaintiff's misrepresentation claim under the MMPA and **GRANTED** with regard to Plaintiff's omission claim under the MMPA.

Dated this 29th day of March, 2016.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**